# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

United States of America,

                Plaintiff,         Case No. 24-cv-10930

                                  Honorable:

vs.                            Mag. Judge:

$249,970.00 U.S. Currency,

                Defendant *in rem*.

---

## Complaint for Forfeiture

---

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine E. Morris, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1.    This is an *in rem* civil forfeiture action under 21 U.S.C. §881 related to a violation or violations of 21 U.S.C. § 841 and 846 and 18 U.S.C. § 982 related to a violation of 18 U.S.C. § 1960.

2.    This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3.    This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4.    Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5.    Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## Defendants *in rem*

6.    The Defendant *in rem* consists of the following: $249,970.00 U.S. Currency (CATS ID 24-DEA-707556).

7.    Members of the Drug Enforcement Administration ("DEA") seized the Defendant *in rem* on November 8, 2023.

## Underlying Criminal Statutes

8.    21 U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

2

9.      21 U.S.C. § 846 prohibits the attempt, or conspiracy to commit, *inter alia*, an offense under 21 U.S.C. § 841(a)(1).

10.     18 U.S.C. § 1960 makes it a crime to conduct, control, manage, supervise, direct or own a money transmitting business: without a state license if that is a crime in the state; while failing to register with FinCEN in accordance with 31 U.S.C. § 5330; or while transmitting or transporting funds known to be derived from a criminal offense or with the intention to promote the unlawful activity.

## Statutory Basis for Civil Forfeiture

11.     21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of controlled substance crimes, or which was used or intended to be used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them....[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

12.     18 U.S.C. § 982(a)(1) permits the forfeiture of any property, real or personal, involved in an offense of 18 U.S.C. §1960 or any property traceable to such property.

3

## Factual Basis in Support of Forfeiture

13.     The Defendant *in rem* was involved in a knowing violation or violations of 21 U.S.C. § 841 and 846 and/or 18 U.S.C. § 1960 and is therefore subject to federal forfeiture pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 982(a). Evidence supporting forfeiture includes, but is not limited to, the following:

a.     The DEA had previously received information that Sharonda Prewitt was acting as a money courier for a drug trafficking and money laundering organization;

b.     At approximately 6:13 pm on November 8, 2023, Troy Police Department (Troy PD) officers initiated a traffic stop on a white 2016 Chevrolet Impala for speeding;

c.     At the time of the traffic stop, the white 2016 Chevrolet Impala was solely occupied by Sharonda Prewitt;

d.     The white 2016 Chevrolet Impala displayed an Ohio license plate registered to Sharonda Nicole Prewitt;

e.     A Troy PD K-9 trained in narcotics detection gave a positive indication for the odor of narcotics emanating from the vehicle, and Troy PD officers conducted a search of the vehicle;

f.      An unknown amount of bulk currency was located inside a duffle bag in the trunk of the Chevrolet Impala;

g.      The K-9 gave a positive indication to the odor of narcotics on the bag;

h.      The currency in the duffle bag was separated into numerous rubber-banded bundles and contained within double bagged plastic grocery bags, consistent with how drug proceeds are frequently packaged;

i.      The bulk currency, later determined to total $249,970.00 U.S. Currency by an official count, was seized along with three smart phones from Prewitt;

j.      Analysis of the phones was conducted, including on Telephone 1 and Telephone 2;

k.      On Telephone 1, investigators observed messages being sent from at least three individuals, beginning in approximately March 2022. On nearly a monthly basis, these individuals would send a message to Telephone 1 with a serial number from a dollar bill, along with a contact number, a contact name, and often an address in Ohio or the Detroit area;

l.      These messages are consistent with a superior in a drug trafficking organization directing a money courier to set up a meeting to drop off drug proceeds;

5

m.     Telephone 1 would then, sometimes hours or days later, send back a photo of a dollar bill with the serial number given in the original message, as a "token";

n.     Tokens can be used as evidence that a money drop occurred, because the money courier is given the dollar bill: first, as a way of identifying that the other party is the correct participant for the transaction, and second, as evidence that the courier has successfully transmitted the drug proceeds and her role in the transaction is complete;

o.     Telephone 1 contained messages that appeared to be a count of the drug proceeds dropped off such as: 100000: "(5) 20, (10) 20, (20) 87380, (50) 6200, (100) 6300.";

p.     Telephone 2 contained messages sent and received from the contact numbers that were included in the messages sent to Telephone 1.

q.     Telephone 2 contained messages in which the token is exchanged with another party. Telephone 2 contained subsequent messages setting up a meeting time and place, and, during what is believed to be the time of the meeting, messages describing where a party was parked, what the individual was dressed in, or what car the individual was driving;

r.     Telephone 1 received a message, sent on Monday, November 6, 2023, with a serial number code, or token.  Telephone 1 sent the response of

6

"Wednesday." On Tuesday, November 7, 2023, Telephone 1 sent a message stating "I need to get it after work today." Defendant *in rem* was seized on Wednesday, November 8, 2023.

## Claim for Relief

14.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 13.

15.     The details surrounding the seizure of the defendant in rem, as well as the messages contained on the phones seized from Prewitt, are indicative of the methods drug trafficking and money laundering organizations use to launder drug proceeds.

16.     The details surrounding the seizure of the defendant in rem, as well as the messages contained on the phones seized from Prewitt are indicative of operating an unlicensed money transmitting business to promote the money laundering of such proceeds.

17.     The Defendant *in rem* is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 982 because it was involved in a knowing violation or violations of 21 U.S.C. § 841 and 846 and/or 18 U.S.C. § 1960.

**Conclusion and Relief**

Plaintiff respectfully requests that this Court issue warrants for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Catherine E. Morris
Catherine E. Morris (P84371)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226-9562
Catherine.Morris@usdoj.gov

Dated: April 10, 2024

**<u>VERIFICATION</u>**

I, Dillon T. Oliva, state that I am a Special Agent with the Drug
Enforcement Administration. I have read the foregoing Complaint for Forfeiture
and declare under penalty of perjury that the facts contained therein are true and
correct based upon knowledge possessed by me and/or upon information received
from other law enforcement agents.

_____
SA Dillon T. Oliva, DEA

Dated:  April 10, 2024